Filed 1/23/26  Milder v. Holley CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANDREW MILDER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SHAWN HOLLEY et al.,<br><br>    Defendants and Respondents. | B331152<br><br>(Los Angeles County<br>Super. Ct. No.<br>BC581072) |

APPEAL from orders of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Andrew Milder, in pro. per., for Plaintiff and Appellant.

Nemecek & Cole, Marshall R. Cole, and Mark Schaeffer for Defendants and Respondents.

Andrew Milder (plaintiff) initiated arbitration proceedings against his former attorney, Shawn Holley (Holley), and her law firm, Kinsella Weitzman Iser Kump & Aldisert, LLP (KWIKA) (collectively, defendants). Plaintiff later filed a lawsuit to void the arbitration agreement and end the arbitration proceedings. The trial court resolved that lawsuit in defendants' favor, and we affirmed on appeal. In this appeal, the question concerns only attorney fees, namely, whether the trial court erred in awarding defendants fees incurred in prevailing on appeal from the judgment entered against plaintiff.

## I. BACKGROUND[1]

### A. *Plaintiff's Demand for Arbitration*

Plaintiff engaged defendants to represent him in a criminal matter in 2011. Defendants' retainer agreement included an arbitration provision. The arbitration section of the retainer agreement stated that, subject to exceptions not applicable here, "[t]he prevailing party in any action, arbitration, or proceeding arising out of or to enforce any provision of th[e] [a]greement . . . will be awarded reasonable attorneys' fees and costs incurred in that action, arbitration, or proceeding, or in the enforcement of any judgment or award rendered."

After Holley moved to be relieved as counsel in the criminal case, plaintiff initiated arbitration proceedings against her. A few months later, plaintiff filed an amended demand for

---

[1]     In reciting the pertinent background facts, we draw on this Court's prior opinions in *Milder v. Holley* (Jan. 31, 2017, B267974) [nonpub. opn.], *Milder v. Holley* (Dec. 16, 2021, B298984, B303175) [nonpub. opn.], and *Milder v. Holley* (Dec. 16, 2021, B299122) [nonpub. opn.].

2

arbitration against both defendants alleging breach of contract, breach of fiduciary duty, fraud, and unfair business practices based on defendants' failure to deliver "the 'highest quality legal services'" as promised.

### B. *Plaintiff's Lawsuit to Void the Arbitration Agreement*

Several months after initiating the arbitration, plaintiff filed a civil complaint in superior court seeking a declaratory judgment that the retainer agreement's arbitration provision was void. Plaintiff alleged he was fraudulently induced to agree to the arbitration provision based on a false representation in the retainer agreement that attorney fees and other costs incurred by both sides in arbitration are "usually substantially less" than proceedings in court. Soon after he filed the complaint, plaintiff filed an ex parte application for a temporary restraining order prohibiting defendants from proceeding with the arbitration, which the trial court denied.

The trial court sustained defendants' demurrer to the complaint without leave to amend in October 2015, reasoning that plaintiff's theory of fraud in the inducement must be decided by the arbitrator rather than the trial court. Plaintiff appealed, and this court reversed, holding plaintiff was correct that claims of fraud specifically concerning alleged inducement to agree to an arbitration provision must be decided by a court, not the arbitrator. (*Milder v. Holley* (Jan. 31, 2017, B267974) [nonpub. opn.] (*Milder I*).)

On remand, plaintiff contended he was entitled to a jury trial and "the full gamut of discovery." The trial court allowed limited discovery, severed plaintiff's declaratory relief cause of

3

action, and held a hearing on what it characterized as plaintiff's affirmative defense to arbitration.

Following an evidentiary hearing, the trial court determined plaintiff did not establish he was fraudulently induced to agree to the arbitration provision. The trial court entered judgment for defendants and granted their post-judgment motion for $241,048.50 in attorney fees.

### C. *Competing Petitions to Vacate and Confirm the Arbitration Award*

While plaintiff's lawsuit to void the arbitration agreement was pending, the arbitrator dismissed plaintiff's complaint with prejudice after he declined to participate in the proceedings. The arbitrator awarded defendants the full amount of their requested attorney fees ($59,892.50) plus most of their requested costs ($19,705.98).

Plaintiff and defendants then filed competing petitions to vacate and confirm the arbitration award. Among other things, plaintiff argued that his agreement to arbitrate was fraudulently induced and that Code of Civil Procedure section 1284.3 prohibits an award of fees and costs against a consumer in arbitration.[2] The trial court rejected these arguments and entered a judgment confirming the arbitration award.

### D. Milder II *and* Milder III

Plaintiff appealed the adverse judgment entered in connection with his lawsuit to void the arbitration agreement and

---

[2]     Undesignated statutory references that follow are to the Code of Civil Procedure.

4

the adverse judgment confirming the arbitration award. This Court resolved these appeals in separate opinions issued on the same day in 2021.

In *Milder v. Holley* (Dec. 16, 2021, B299122) [nonpub. opn.] (*Milder III*), this Court determined the arbitration was a consumer arbitration within the meaning of section 1284.3 and the award of fees and costs in the arbitration therefore could not stand. We further held, however, that because plaintiff "never timely raised section 1284.3 as reason not to go forward with the arbitration," he "forfeit[ed] any challenge to the arbitration generally and the arbitrator's dismissal of his complaint in arbitration specifically." We therefore reversed the judgment confirming the arbitration award and remanded for the trial court to enter a new and different order confirming that award without assessing any attorney fees and costs.

In *Milder v. Holley* (Dec. 16, 2021, B298984, B303175) [nonpub. opn.] (*Milder II*), this Court affirmed the judgment in the action to void the arbitration agreement and a $241,048.50 post-judgment attorney fees award. We held, among other things, that section 1284.3 did not bar the award of attorney fees in plaintiff's lawsuit to void the arbitration agreement. We explained "the challenged award concerns fees incurred in litigation—not the arbitration—and nothing in Code of Civil Procedure section 1284.3 precludes giving effect to a contractual provision providing for payment of prevailing party attorney fees in litigation, even litigation relating to arbitration."

5

*E.	Award of Appellate Attorney Fees in Connection with* Milder II

Following our decision in *Milder II*, which affirmed the judgment in defendants' favor on plaintiff's action to void the arbitration agreement, defendants filed a motion in the trial court seeking to recover their attorney fees in that appeal. Plaintiff opposed an award of fees and argued, among other things, that the requested fees were barred under section 1284.3.[3] Echoing this Court's holding in *Milder II*, the trial court determined section 1284.3 did not apply because "[d]efendants seek appellate attorney fees incurred in litigation, not arbitration." The trial court determined the amount of fees defendants requested was reasonable and awarded defendants $175,631.80 in fees and costs.

Plaintiff subsequently filed a motion for a new trial based on purported errors of law and irregularities in the proceedings, including contentions that the trial court misconstrued section 1284.3 and erred in striking a request to disqualify the court.[4] The trial court denied the new trial motion, finding it lacked jurisdiction to grant a motion for a new trial concerning a post-

---

[3]	Plaintiff's opposition also asserted the claimed fees were excessive. He did not specifically challenge the attorneys' rates or hours billed, however.

[4]	Plaintiff argued the judge should be disqualified because she made rulings that plaintiff was challenging on appeal in a separate lawsuit against the arbitrator, the arbitration services provider, and the provider's chief executive. The trial court struck the statement of disqualification because, among other things, it "demonstrate[d] on its face no legal grounds for disqualification . . . ."

6

judgment order for attorney fees, there had been no irregularity in the proceedings or error of law, and, "[t]o the extent [p]laintiff [wa]s moving for a new trial regarding" the trial court's order striking his "[s]tatement of [d]isqualification," there were no "grounds for a new trial under Code of Civil Procedure section 657 as to such [o]rder."

## II. DISCUSSION

Plaintiff's briefing in this appeal understands the holding in *Milder III*, i.e., that section 1284.3 bars an award of attorney fees *in arbitration*, to mean defendants may not recover attorney fees in litigation relating to the arbitration.[5] But as we explained in *Milder II*, that is not correct. Our reasoning in *Milder II* applies equally to the fees award at issue here and requires affirmance. Plaintiff's challenge to the denial of his motion for a new trial lacks merit because he cannot demonstrate prejudicial error.[6]

---

[5] Plaintiff does not argue in this appeal that the fee award was excessive.

[6] We decline defendants' request in their respondents' brief that we expressly state they are entitled to their attorney fees incurred in *this* appeal or permit them to move for attorney fees in this Court. (See, e.g., *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1267.)

7

A.    *Section 1284.3 Does Not Prohibit Attorney Fees in Litigation Relating to Arbitration*

Section 1284.3, subdivision (a) provides that "[n]o neutral arbitrator or private arbitration company shall administer a consumer arbitration under any agreement or rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses."  As we have already discussed, we construed this subdivision in *Milder III* to preclude an arbitrator from awarding attorney fees and costs incurred *in arbitration* against a consumer.  However, as we emphasized in *Milder II*, "nothing in Code of Civil Procedure section 1284.3 precludes giving effect to a contractual provision providing for payment of prevailing party attorney fees in litigation, even litigation relating to arbitration."

The retainer agreement between plaintiff and defendants provides for prevailing party fees and costs incurred "in any action, arbitration, or proceeding arising out" of the agreement. Plaintiff does not dispute defendants' fees incurred in defending his action to void the arbitration agreement arise out of the retainer agreement.  Rather, he principally argues section 1284.3 precluded the arbitrator from conducting the arbitration—an issue we held forfeited in plaintiff's challenge to the judgment confirming the arbitration award in *Milder III*.  That issue is not now before us.

Plaintiff further argues the trial court erroneously believed this Court had already awarded defendants their appellate attorney fees.  Plaintiff highlights a remark by the trial court at the hearing "that this is more of the attorneys' fees that the

8

Court of Appeal already awarded. [¶] So that's my focus." Read in context, however, the trial court was emphasizing this Court had previously affirmed an attorney fee award in *Milder II* (holding section 1284.3 does not preclude a fee award in litigation concerning the retainer agreement).[7] The trial court correctly determined there was no bar to enforcement of the contractual provision for attorney fees, and there is no indication it did not exercise discretion in determining the amount to which defendants were entitled. (*Mepco Services, Inc. v. Saddleback Valley Unified School Dist.* (2010) 189 Cal.App.4th 1027, 1045 [discussing scope of trial court's discretion with respect to contractual fee awards].)

Plaintiff's argument that the trial court somehow erred in determining defendants were the prevailing party—after the judgment entered in their favor was affirmed on appeal—is unavailing. Plaintiff suggests defendants won only a "transient victory" in his action to void the arbitration agreement because he believes his reading of section 1284.3 will someday be vindicated. Regardless of whether plaintiff's optimism is well-founded, the high court's use of the phrase "transient victory" in *Lackey v. Stinnie* (2025) 604 U.S. 192 concerns the temporary

---

[7]     Moments before making the statements quoted in plaintiff's opening brief, the trial court explained it was "focused on that fact that [plaintiff] appealed the judgment and the . . . order awarding attorneys' fees and the Court of Appeal opined that the judgment and post-judgment order granting defendant[ ]s['] motion for attorneys' fees was affirmed. And so they also awarded the costs on appeal. [¶] So now this is just a motion for fees and further appellate attorneys' fees."

9

nature of a preliminary injunction and has no relevance to this case.

> B.     *There Is No Basis to Reverse the Order Denying Plaintiff's Motion for a New Trial*

"New trial motions, as creatures of statute, are solely granted on the grounds enumerated in Code of Civil Procedure section 657; all other grounds are in excess of jurisdiction. [Citation.]"[8] (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1506-1507.)  We review the denial of a motion for a new trial for an abuse of discretion that resulted in prejudicial error.  (*Smith v. Magic Mountain LLC* (2024) 106 Cal.App.5th 1128, 1135; *Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1018.)

Plaintiff has not shown prejudicial error here because, for the reasons we have discussed, his position that section 1284.3 precludes defendants' recovery of fees and costs incurred in the prior appeal lacks merit.  Neither of the two grounds on which he moved for a new trial impact this legal conclusion.  His contention that there was an error of law simply restates the question.  And his claims of irregularity arising from alleged bias among the judiciary also fail.  There is no need for us to dissect these claims in detail because the identity of the judicial officer does not bear on whether section 1284.3 applies—there were no

---

[8]     Plaintiff did not ask the trial court to reconsider its ruling under section 1008 or pursuant to its inherent power to reconsider its own orders.

10

evidentiary or other threshold rulings determining the answer to this pure question of law.[9]

Plaintiff also argues, for the first time on appeal, that a new trial was warranted by newly discovered evidence—i.e., this Court's holding in *Milder III* that section 1284.3 barred defendants' recovery of attorney fees incurred in arbitration. The argument is forfeited and lacks merit for several reasons: a legal principle is not evidence, both *Milder II* and *Milder III* were decided before defendants moved for appellate attorney fees, and our holding in *Milder III* is inapposite in this appeal.

Another argument plaintiff raises for the first time on appeal—that a notice of related cases was not timely filed—is also forfeited. Moreover, even if plaintiff's speculation that he might have avoided "repeat unfavorable rulings against him" is correct, it has no direct relationship to the order granting defendants appellate attorney fees.

---

[9] Plaintiff does not contend in this court that the fees should have been awarded in a reduced amount. Plaintiff also has not shown that a different judicial officer would have exercised discretion to reduce the fees based merely on the conclusory contention made in the trial court.

DISPOSITION

The trial court's orders are affirmed.  Defendants are awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM (D.), J.